**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH ARTHUR RODRIGUEZ, | No. 09-16900 |
| Plaintiff - Appellant, | D.C. No. 4:05-cv-05068-SBA |
| v. | |
| V. ELMORE, Correctional Lieutenant, Salinas Valley State Prison; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted December 14, 2010 [**]

Before:     GOODWIN, WALLACE, and THOMAS, Circuit Judges.

Joseph Arthur Rodriguez, a California state prisoner, appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging that prison

officials subjected him to excessive force and were deliberately indifferent to his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

serious medical needs in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo both summary judgment and an order dismissing a claim. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009); *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on the excessive force claim because Rodriguez failed to raise a triable issue as to whether prison officials "acted maliciously and sadistically for the very purpose of causing harm" by using pepper spray after Rodriguez and his cellmate repeatedly refused to comply with orders to exit their cell and be handcuffed so that prison officials could search their cell for a missing metal object. *Clement v. Gomez*, 298 F.3d 898, 903-04 (9th Cir. 2002) (evidence that prison official administered second pepper spray after coughing and gagging was heard from cell "does not lead to the inference that the official used the pepper spray 'maliciously and sadistically for the very purpose of causing harm.'") (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).

The district court also properly dismissed the deliberate indifference claim because Rodriguez failed to allege facts supporting an inference that prison medical officials who examined him after his pepper spray decontamination knew of and disregarded an excessive risk to his health and safety. *See Clement*, 298

F.3d at 904 ("'Deliberate indifference' is evidenced only 'when the official knows of and disregards an excessive risk to inmate health or safety . . . .'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

We do not consider Rodriguez's contentions not supported by argument. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992).

Rodriguez's remaining contentions are unpersuasive.

**AFFIRMED.**